IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SMITH, JEANETTE D., | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 7:13CV460 |
| | ) |
| SUNTRUST BANKS, INC. EMPLOYEE | ) |
| BENEFIT PLAN; | ) |
| SERVE:  Registered Agent | ) |
| Dana S. Bruce | ) |
| 919 E. Main Street, 13th Floor | ) |
| Richmond, Virginia 23219 | ) |
| (RICHMOND CITY); | ) |
| | ) |
| SUNTRUST SHORT TERM DISABILITY PLAN; | ) |
| SERVE:  Registered Agent | ) |
| Dana S. Bruce | ) |
| 919 E. Main Street, 13th Floor | ) |
| Richmond, Virginia 23219 | ) |
| (RICHMOND CITY); | ) |
| | ) |
| SUNTRUST BANK | ) |
| SERVE:  Registered Agent | ) |
| Dana S. Bruce | ) |
| 919 E. Main Street, 13th Floor | ) |
| Richmond, Virginia 23219 | ) |
| (RICHMOND CITY); | ) |
| | ) |
| AETNA LIFE INSURANCE COMPANY; | ) |
| SERVE:  Registered Agent | ) |
| CT CORPORATION SYSTEM | ) |
| 4701 Cox Road, Suite 301 | ) |
| Glen Allen, Virginia 23060 | ) |
| (HENRICO COUNTY); | ) |
| | ) |
| and | ) |
| | ) |

| | |
|---|---|
| SEDGWICK | ) |
| SERVE:  Registered Agent | ) |
|       CT CORPORATION SYSTEM | ) |
|       4701 Cox Road, Suite 301 | ) |
|       Glen Allen, Virginia 23060 | ) |
|       (HENRICO COUNTY), | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES Jeanette Smith, by counsel, and moves for judgment:

A.      Against defendants for short-term and long-term disability benefits arising out of her employment and ERISA plan with SunTrust Bank;

B.      Against SunTrust Bank for breach of contract;

C.      Against SunTrust Bank and Aetna Life Insurance Company ("Aetna") for violation of her rights under the Family and Medical Leave Act;

D.      Against Aetna for intentional interference with contract; and

E.      Against SunTrust Banks, Inc. Employee Benefit Plan (the "EB Plan") for failure to produce plan documents.

In support of these claims she states the following:

### JURISDICTION

1.      The Court has jurisdiction to hear this dispute under 29 U.S.C. § 1132 of the Employee Retirement Income Security Act ("ERISA") and 29 U.S.C. § 2617 of the Family and Medical Leave Act ("FMLA"), as well as 28 U.S.C. §§ 2201-2202 and 28 U.S.C. § 1331 and other applicable law.

2.      Plaintiff requests that the Court exercise supplemental jurisdiction over the state/common law claims pursuant to 28 U.S.C. § 1367.

3.     Plaintiff has exhausted all administrative remedies pertaining to these matters prior to filing this suit.

## THE PARTIES

4.     Plaintiff Jeanette Smith is, and at all times relevant herein was a resident of the Western District of Virginia. At all times relevant herein Smith was an employee of SunTrust Bank in the City of Roanoke, was a participant in the SunTrust Banks, Inc. Employee Benefit Plan (the "EB Plan") and/or was a beneficiary of an ERISA Plan offered by SunTrust, had worked for SunTrust for at least 12 months and worked at least 1,250 hours for SunTrust in the immediately preceding 12-month period of the date she sought leave under the Family and Medical Leave Act.

5.     At all times relevant herein Defendant EB Plan provided short-term and long-term disability insurance benefits to qualifying employees of SunTrust Bank. The EB Plan is subject to ERISA.

6.     At all times relevant herein Defendant SunTrust Short-Term Disability Plan ("STD Plan") provided (alternatively) short-term disability insurance benefits to qualifying employees of SunTrust Bank. The STD Plan is subject to ERISA.

7.     At all times relevant herein Defendant SunTrust Bank ("SunTrust") was Plaintiff's employer that offered short-term (either through the STD Plan, EB Plan or through some other manner), and offered long-term disability benefits (through the EB Plan) to its employees, like Smith. At all times relevant herein SunTrust employed at least 50 employees within a 75-mile radius of Plaintiff's place of employment. At all times relevant herein SunTrust was the fiduciary of the EB

Plan and the STD Plan, and had ultimate control and decision-making authority with regard to what employee claims for benefits are approved and paid.

8. Aetna Life Insurance Company administered claims for short-term disability benefits from SunTrust employees, including Smith, under the STD Plan and/or the EB Plan between June and approximately December 2011, and administered claims for long-term disability benefits from SunTrust employees, including Smith, under the EB Plan until at least May 29, 2012. Aetna also administered claims for leave by SunTrust employees, including Smith, under the Family and Medical Leave Act ("FMLA")

9. Sedgwick became the administrator of claims for short-term disability benefits by SunTrust employees, including Smith, under the STD Plan and/or the EB Plan in approximately January 2012, and became the administrator of claims for long-term disability benefits from SunTrust employees, including Smith, under the EB Plan in approximately June 2012.

FACTS

10. The previous paragraphs are incorporated and re-alleged as if fully set forth herein.

11. Jeanette Smith worked in the banking industry for over 25 years.

12. In her last banking position, SunTrust Bank employed Smith as an Area Manager.

13. By virtue of her employment, SunTrust afforded Smith short-term disability benefits and long-term disability benefits.

14. SunTrust afforded these benefits to their employees through the EB Plan, the STD Plan and/or through some other means.

15. Under the EB Plan, the STD Plan and/or through some other means Smith was eligible to receive up to 26 weeks of short-term disability benefits, and up to three (3) years of long-term disability benefits.

16. The EB Plan and the STD Plan are valid and enforceable insurance policies and contracts between SunTrust Bank and Smith (and other SunTrust Bank employees).

17. Smith has diagnoses of severe depression, major depressive disorder, severe anxiety with panic attacks, and severe panic disorder, and she has had suicidal ideations: these diagnoses existed at all times relevant to these proceedings.

18. On or about June 20, 2011 Smith suffered an exacerbation of one or more of her diagnoses, and consequently her health care providers took her out of work.

19. Smith's diagnoses and the exacerbation thereof are a serious health condition.

20. Smith's diagnoses and the exacerbation thereof prevented her from performing at least one essential function of her job, and her activities of daily living: she lacked ability to think clearly, to focus and to concentrate on tasks, lacked mental stamina, was easily overwhelmed and lacked energy necessary to perform full or part time employment.

21. Smith's diagnoses and the exacerbation thereof required recurrent appointments (2 or more) with health care providers for treatment and

management within 30 days of their first occurrence, and/or required treatment by a health care provider at least once that resulted in a regimen of continuing treatment under the supervision of a health care provider: Gudrun M. Freeman, Ph.D. at The Manassas Group saw Smith on 14 separate occasions for psychotherapy between August 2, 2011 and January 17, 2012; Mrs. Smith saw David A. Keilman, M.D. on six (6) occasions for treatment and management of these diagnoses between May 31, 2011 and September 6, 2011; and between August 22, 2011 and December 19, 2011, Jessica L. Jeffrey, DO saw Mrs. Smith for treatment of these diagnoses on seven (7) occasions.

22.     Smith's diagnoses and the exacerbation thereof constitute a chronic serious health condition in that she requires periodic visits, at least two per year, with a health care provider, these diagnoses have continued over an extended period of time and her diagnoses, at times, cause episodic periods of incapacity, as set forth herein.

23.     Smith's diagnoses and the exacerbation thereof caused her to sustain a period of incapacity of more than three (3) consecutive, full calendar days: Gudrun M. Freeman, Ph.D. opined that Smith was unable to work at any time while he treated her, *i.e.,* August 2, 2011 and January 17, 2012; and David A. Keilman, M.D. stated that, "During the time that [he] was involved with [Mrs. Smith, *i.e.,* May 31, 2011 and September 6, 2011], she continued on her status of not being able to return to work," and that "currently she cannot function in a work environment due to severe depression;" Jessica L. Jeffrey, DO, wrote (with approval and agreement by David Hartman, M.D.) that, "[Mrs. Smith's] condition is such that since [August 22,

2011] she is unable fulfill responsibilities that require concentration or focus on tasks, is unable to complete work in a timely manner and is unable to perform work that requires the energy for part time or full time work."

24. Smith's health care providers have not cleared her to return to work since June 20, 2011.

25. Smith's diagnoses and the exacerbation thereof qualified Smith to receive short-term disability benefits through either the EB Plan, the STD Plan and/or by virtue of her employment with SunTrust, and qualified her for FMLA leave.

26. At the time Smith qualified to receive short-term disability benefits Aetna administered the EB Plan, the STD Plan and/or otherwise on behalf of SunTrust administered claims for short-term disability benefits from SunTrust employees.

27. Smith applied for short-term disability benefits, and sought FMLA leave.

28. Smith and/or her medical providers provided to Aetna all requested documents for Aetna to evaluate her qualification to receive short-term disability benefits and to receive FMLA leave: Aetna never requested that Mrs. Smith provide additional documents to it for evaluation of Mrs. Smith's applications for short-term disability benefits and FMLA leave.

29. Aetna denied Smith's application for short-term disability benefits, and denied her request for FMLA leave.

30. Smith timely appealed Aetna's denial of her application for short-term disability benefits, and as part of the appeal provided letters from her medical providers confirming that she was unable to work due to her medical diagnoses.

31. SunTrust is the appeal decision maker for the review of denied benefits under the STD Plan and/or EB Plan.

32. Aetna notified Mrs. Smith that SunTrust denied the appeal, except as to June 20-30, 2011 and August 2 -18, 2011, and notified Smith that she had exhausted her administrative remedies/appeals for short-term disability benefits.

33. Before Aetna advised Mrs. Smith that SunTrust had denied the appeal of her denial of short-term disability benefits, Mrs. Smith received notice that Sedgwick had become the administrator of the EB Plan, the STD Plan and/or otherwise on behalf of SunTrust administered claims for short-term disability benefits from SunTrust employees.

34. Upon receiving this notice Mrs. Smith requested that Sedgwick review the denial of short-term disability benefits.

35. Sedgwick acknowledged receipt of Mrs. Smith's request for review but never thereafter notified Mrs. Smith of any decision regarding her request for review of denial of short-term disability benefits.

36. Smith also applied through Aetna for long-term disability benefits.

37. Smith and/or her medical providers provided to Aetna all requested documents for Aetna to evaluate her qualification to receive long-term disability benefits: Aetna never requested that Mrs. Smith provide additional documents to it for evaluation of Mrs. Smith's application for long-term disability benefits.

38.     Aetna and/or Sedgwick denied Smith's application for long-term disability benefits.

39.     Smith timely appealed this denial of long-term disability benefits. Aetna and/or Sedgwick again denied her application on appeal, and notified Smith that she had exhausted her administrative remedies/appeals for long-term disability benefits.

40.     SunTrust accepted, ratified and acted upon Aetna's decision to deny Mrs. Smith FMLA leave: SunTrust failed and refused to permit her to return to a her position or an equivalent position, and terminated her employment effective November 20, 2011.

41.     After being denied short-term and long-term disability benefits, on or about March 15, 2013 Mrs. Smith requested that defendants provide to her copies of the applicable Plan documents for her short-term and long-term disability benefits.

42.     SunTrust produced a "short-term disability policy" but denied that a "plan document or summary plan" existed. Nor did SunTrust provide or otherwise deliver to Mrs. Smith the SunTrust Banks, Inc. Employee Benefits Plan.

43.     As to the long-term disability plan request SunTrust initially produced only an outdated "summary plan description". Not until June 2013 did SunTrust produce an up-to-date summary plan description.

44.     To date, SunTrust, Aetna and Sedgwick have yet to produce to Mrs. Smith the SunTrust Banks, Inc. Employee Benefits Plan, or any Plan documents other than as set forth at ¶¶ 41 and 42, above.

Case 7:13-cv-00460-JCT   Document 1   Filed 09/27/13   Page 10 of 14   Pageid#: 10

Complaint
*Smith v. SunTrust Banks, Inc. Employee Benefit Plan, et al.*
Page 10 of 14

## COUNT I
## VIOLATION OF ERISA

45. The previous paragraphs are incorporated and re-alleged as if fully set forth herein.

46. Smith was a Plan participant who qualified to receive short-term and long-term disability benefits.

47. Defendants' actions in denying short-term and long-term disability benefits to Jeanette Smith violate ERISA.

48. As a result of these violations Smith has been denied short-term and long-term disability benefits.

WHEREFORE, Jeanette Smith hereby demands judgment against defendants, jointly and severally, for the value of her short-term and long-term disability benefits denied as set forth herein, interest thereon from June 20, 2011 at the judgment rate, her costs and attorney's fees, expert witness fees, and for such other relief and compensation as may be available by law, and for such other relief and the Court may deem necessary and appropriate.

## COUNT II
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
## BY SUNTRUST BANK AND AETNA

49. The previous paragraphs are incorporated and re-alleged as if fully set forth herein.

50. The actions of defendants SunTrust Bank and Aetna in denying leave to Jeanette Smith violate the Family and Medical Leave Act.

51.     As a result of these violations Smith was denied leave, and lost her employment with SunTrust.

52.     SunTrust Bank's and Aetna's denial of FMLA leave to Mrs. Smith was willful and lacked good faith, in that the medical evidence was clear and undisputed that she was not medically qualified to work during the leave period, but Aetna denied Smith leave and SunTrust accepted, ratified and acted upon Aetna's decision to deny Mrs. Smith FMLA leave by denying Smith leave, refusing to return her to her employment and/or in refusing to return her to work in an equivalent position and in terminating her employment.

WHEREFORE, Jeanette Smith hereby demands judgment against defendants SunTrust Bank and Aetna, jointly and severally, for the value of her wages and benefits lost, liquidated damages, interest from June 20, 2011 at the judgment rate, her other compensatory losses as permitted by law, her costs and attorney's fees, expert witness fees, and for such other relief as the Court may deem necessary and appropriate.

## COUNT III
## BREACH OF CONTRACT AGAINST SUNTRUST BANK

53.     The previous paragraphs are incorporated and re-alleged as if fully set forth herein.

54.     Smith and SunTrust Bank had a contract by which SunTrust would provide short-term disability benefits to Smith upon the occurrence of a qualifying event.

55. Smith suffered from a qualifying event and made application to obtain short-term disability benefits from SunTrust.

56. SunTrust denied, refused and failed to provide short-term disability benefits to Smith, and/or SunTrust accepted, ratified and acted upon Aetna's and/or Sedgwick's decision to deny short-term disability benefits to Smith.

57. SunTrust breached its contract with Smith.

58. As a result of SunTrust's breach Smith has been denied benefits, as set forth herein.

WHEREFORE, Jeanette Smith hereby demands judgment against SunTrust Bank for the value of her short-term disability benefits lost, interest thereon from June 20, 2011 at the judgment rate, and for such other relief as the Court may deem necessary and appropriate.

## COUNT IV
## INTENTIONAL INTERFERENCE WITH CONTRACT AGAINST AETNA

59. The previous paragraphs are incorporated and re-alleged as if fully set forth herein.

60. Smith and SunTrust had a contract by which SunTrust would provide short-term disability benefits to Smith upon the occurrence of a qualifying event.

61. Smith suffered from a qualifying event and made application to obtain short-term disability benefits from SunTrust.

62. Aetna used improper methods in analyzing and determining that Smith did not qualify to receive short-term disability benefits.

63.     SunTrust accepted, ratified and acted upon Aetna's decision to deny Mrs. Smith short-term disability benefits.

64.     SunTrust denied, refused and failed to provide short-term disability benefits to Smith.

65.     As a result of SunTrust's refusal Smith has been denied benefits, as set forth herein.

66.     As a result of Aetna's improper methods, Mrs. Smith was denied short-term disability benefits.

WHEREFORE, Jeanette Smith hereby demands judgment against Aetna for the value of her short-term disability benefits lost, interest thereon from June 20, 2011 at the judgment rate, for such other compensatory and punitive damages, and for such other relief as the Court may deem necessary and appropriate.

## COUNT V
### FAILURE TO PRODUCE PLAN DOCUMENTS

67.     The previous paragraphs are incorporated and re-alleged as if fully set forth herein.

68.      29 USC § 1132(a)(1)(A) and (c) require that a Plan participant and/or beneficiary shall be provided with Plan documents upon request.

69.     Mrs. Smith is a Plan participant and/or beneficiary who made request from defendants for Plan documents.

70.     No defendant produced the Plan documents that comprise the Plan(s) applicable to Mrs. Smith's short-term and long-term disability benefits.

WHEREFORE, Jeanette Smith hereby demands judgment against defendants, jointly and severally, for their failure to produce Plan documents for all amounts, including civil penalties, permitted by statute, and for such other relief as the Court may deem necessary and appropriate.

## DEMAND FOR JURY TRIAL

Jeanette Smith demands trial by jury, to the extent permitted by law.

Respectfully submitted,
JEANETTE D. SMITH

*s/Melvin E. Williams*
Of Counsel

Melvin E. Williams (VSB No. 43305)
MEL WILLIAMS PLC
1320 Third Street, SW
Roanoke, Virginia 24016
(540) 266-7800
(540) 206-3857 *facsimile*
mel@melwilliamslaw.com
Counsel for Jeanette D. Smith